JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-03093-RGK (PLAx) | Date | July 2, 2008 |
|---|---|---|---|
| Title | FRISCH v. PETCO ANIMAL SUPPLIES, INC. | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Sharon L. Williams | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**   (IN CHAMBERS) Plaintiff's Motion to Remand and for Award of Fees (DE 10)

## I. FACTUAL BACKGROUND

Plaintiff Jason Frisch ("Plaintiff") has brought a class action suit against Defendant PETCO Animal Supplies, Inc. ("Defendant"), seeking declaratory relief and alleging breach of contract, unfair competition, negligence, fraud, and conversion. Plaintiff claims that Defendant over-taxed its customers on purchases of discounted items. Plaintiff filed his action in Los Angeles Superior Court on April 10, 2008. On May 12, 2008, Defendant removed the case to this Court based on the Class Action Fairness Act of 2005 ("CAFA"). Plaintiff now seeks remand on the basis that Defendant fails to demonstrate that CAFA's amount in controversy requirement has been satisfied. For the following reasons, the Court grants Plaintiff's motion.

## II. JUDICIAL STANDARD

After a plaintiff files a case in state court, the defendant attempting to remove the case to federal court "must prove with 'legal certainty' that the amount in controversy is satisfied . . . ." *Lowdermilk v. U.S. Bank Nat'l Ass'n*, 479 F.3d 994, 996 (9th Cir. 2007). If a plaintiff does not specify the amount of damages that he is attempting to recover, "the defendant seeking removal 'must prove by a preponderance of the evidence that the amount in controversy requirement has been met.'" *Id.* at 998 (quoting *Abrego Abrego v. The Dow Chemical Co.*, 443 F.3d 676, 683 (9th Cir. 2006)).

Following removal from state court, a district court has the power to remand a case "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction . . . ." 28 U.S.C. § 1447(c).

### III. DISCUSSION

Under California law, if a purchase involves an in-store or cash discount where the retailer is not reimbursed by a third-party, the retailer should compute the sales tax based on the discounted price.[1] CAL. CODE REGS. tit. 18, § 1671.1 (2008). If the purchase involves a manufacturer's coupon where the retailer is reimbursed by a third party, the retailer should compute tax based on the full retail price. *Id*. Defendant contends that the taxes at issue were collected from transactions involving manufacturers' coupons and that the amount in controversy exceeds the $5,000,000.00 requirement established by CAFA.[2] However, Plaintiff argues that it seeks damages for transactions involving cash discounts, not manufacturer coupons, and that the amount at issue does not satisfy the amount in controversy requirement. The Court grants Plaintiff's Motion to Remand because Defendant has failed to meet its burden of proving that the case satisfies the amount in controversy requirement for federal jurisdiction under CAFA. *See Lowdermilk*, 479 F.3d at 996.

In support of its argument, Defendant has introduced evidence that, between February 2006 and February 2008, it collected nearly $8.9 million in taxes for transactions involving manufacturer coupons. (Campbell Decl., ¶¶ 8-11.) From February 2007 to February 2008, Defendant collected and remitted nearly $4.6 million in sales tax on manufacturer coupons. (Campbell Decl., ¶ 8.) During the previous year, Defendant collected and remitted approximately $4.3 million in sales tax on manufacturer coupons. (Campbell Decl., ¶ 11.) However, Plaintiff's allegations state only that "Defendant has collected millions of dollars from its customers in California alone under the guise of collecting 'sales taxes' . . . ." (Compl. ¶ 13.) Nowhere in Plaintiff's Complaint does it single out transactions involving manufacturer coupons. In fact, Plaintiff states in his motion that he seeks damages based on being over taxed for transactions involving cash discounts. Although Plaintiff makes this allegation in his motion brief rather than the Complaint, the statement shows that the amount in controversy may very well draw from a set of transactions not contemplated by Defendant's evidence. Furthermore, it is uncertain what time period is applicable to the action.[3] If the class period spanned only a year, Defendant's own evidence shows that the amount in controversy would fall short of the CAFA requirement. As such, Defendant's evidence is unavailing and fails to meet the burden of proof required to maintain removal jurisdiction.

### IV. CONCLUSION

In light of the foregoing, the Court **grants** Plaintiff's Motion to Remand and **denies** the parties' request for attorneys' fees and sanctions. Furthermore, the Court **denies as moot** Defendant's Motion to Dismiss or Strike, scheduled for hearing on July 14, 2008.

**IT IS SO ORDERED.**

            :

Initials of Preparer

        slw

---

[1] An apparent difference in terminology exists between documents submitted by Plaintiff and those submitted by Defendant. While Plaintiff seems to refer to such price reductions as "cash discounts," it appears that Defendant refers to them as "in-store discounts."

[2] Federal district courts have original jurisdiction in class action lawsuits after three requirements have been met: (1) there are 100 or more plaintiffs; (2) "any member of a class of plaintiffs is a citizen of a State different from any defendant"; and (3) the amount in controversy is greater than $5,000,000.00. 28 U.S.C. § 1332 (d)(2), (5).

[3] Plaintiff fails to designate a class period in his Complaint. It thus appears that the Defendant selected this time period in order to provide the Court with an example of how the amount in controversy has been satisfied.